579 N.W.2d 526 (1998)
254 Neb. 754
Gertrude PARKER, Appellant,
v.
LANCASTER COUNTY SCHOOL DISTRICT NO. 001, also known as Lincoln Public Schools, et al., Appellees.
No. S-97-131.
Supreme Court of Nebraska.
June 12, 1998.
*527 William A. Wieland, of Healey Wieland Law Firm, Lincoln, for appellant.
Terry R. Wittler, of Cline, Williams, Wright, Johnson & Oldfather, Lincoln, for appellees Architectural Partnership, P.C., and Architectural Partnership, Inc.
WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ., and BLUE, District Judge, Retired.
CONNOLLY, Justice.
The district court for Lancaster County sustained a demurrer to the appellant's amended petition on the bases that the amended petition failed to state a claim and that the causes of action were misjoined. The appellant stood on the amended petition, and the district court dismissed the lawsuit. We affirm.

BACKGROUND
The appellant, Gertrude Parker, filed an amended petition alleging that while an invitee, she was injured on October 1, 1995, when she fell in the entryway to the dining room of the Hulda Roper School, an elementary school that is a part of Lancaster County School District No. 001, also known as Lincoln Public Schools (LPS). Parker filed suit against the appellees, The Architectural Partnership, P.C., and The Architectural Partnership, Inc. (collectively partnership), and LPS, alleging that her fall was caused by an unmarked and unguarded ramp or floor riser in the entryway to the dining room. In her amended petition, Parker stated that LPS is a political subdivision and that an action under the Political Subdivisions Tort Claims Act had been filed against LPS. However, the amended petition then stated that "LPS will be served with summons upon the denial of [Parker's] claim or inaction on [Parker's] claim and upon further amendment to the allegations contained in this Amended Petition."
Parker's amended petition further alleged that the partnership planned, designed, and supervised the construction of the school prior to October 1, 1995, and that the partnership was negligent in failing to use reasonable care in (1) designing a reasonably safe entryway, (2) guarding or barricading the floor riser, and (3) marking or otherwise warning of the presence of the floor riser.
*528 Parker alleged that her injuries were caused by this negligence and were foreseeable.
The partnership demurred to the amended petition on the bases that it failed to state a claim and that the causes of action were misjoined. The district court sustained the demurrer on both grounds and allowed Parker 14 days to file a second amended petition. Parker stood on her amended petition, the action was subsequently dismissed with prejudice, and Parker now appeals.

ASSIGNMENTS OF ERROR
Parker assigns that the district court erred in sustaining the partnership's demurrer on the grounds that the amended petition failed to state a claim and that the causes of action were misjoined.

STANDARD OF REVIEW
In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. Giese v. Stice, 252 Neb. 913, 567 N.W.2d 156 (1997); Larson v. Demuth, 252 Neb. 668, 564 N.W.2d 606 (1997).

ANALYSIS
The partnership contends that in the absence of fraud or special circumstances, privity of contract between Parker and the partnership is required in order for Parker to state a cause of action. Parker contends that privity should not be required in order for her to state a cause of action against the partnership for negligence.
The general rule is that a construction contractor is not liable for injuries or damage to a third person with whom he is not in contractual relation resulting from the negligent performance of his duty under his contract with the contractee where the injury or damage is sustained after the work is completed and accepted by the owner. Delicious Foods Co. v. Millard Warehouse, 244 Neb. 449, 507 N.W.2d 631 (1993); Erickson v. Monarch Indus., 216 Neb. 875, 347 N.W.2d 99 (1984); Stover v. Ed Miller & Sons, Inc., 194 Neb. 422, 231 N.W.2d 700 (1975). This principle has been referred to as the "accepted work doctrine." See Pickens v. Tulsa Metropolitan Ministry, 951 P.2d 1079 (Okla.1997).
The accepted work doctrine and its exceptions have been specifically applied to suits brought by third parties against architects. See, id.; Hiatt v. Brown, 422 N.E.2d 736 (Ind.App.1981); Cox v. Ray M. Lee Co., Inc., 100 Ga.App. 333, 111 S.E.2d 246 (1959). In the instant case, Parker has not alleged any continuing control over the school by the partnership after October 1,1995.
This court has recognized an exception to the accepted work doctrine in situations where the parties dealt with inherently dangerous elements or the defect at issue was latent and could not have been discovered by the owner or employer. Delicious Foods Co. v. Millard Warehouse, supra; Erickson v. Monarch Indus., supra.
This court has described "inherently dangerous" in terms of being a special or peculiar risk. Such a risk has been defined as "one that `differ[s] from the common risks to which persons in general are commonly subjected by the ordinary forms of negligence which are usual in the community....'" Kime v. Hobbs, 252 Neb. 407, 417, 562 N.W.2d 705, 713 (1997). It has been held that generally, stairs, steps, and unmarked curbs are not inherently dangerous. See, Like v. Pierce, 326 Ark. 802, 934 S.W.2d 223 (1996) (steps and gravel not inherently dangerous and gravel contained no substance making walkway unreasonably dangerous); Benaquista v. Municipal Housing Auth., 212 A.D.2d 860, 622 N.Y.S.2d 129 (1995) (stairs not considered to be inherently dangerous); Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla.App.1992) (unmarked curb not inherently dangerous).
Applying the accepted work doctrine, Parker did not allege that any exceptions to that doctrine applied. Rather, Parker alleged only that the existence of the riser itself or a failure to barricade or mark it *529 caused her injuries. Accordingly, the district court was correct in sustaining the partnership's demurrer.
An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. Crider v. Bayard City Schools, 250 Neb. 775, 553 N.W.2d 147 (1996); Pilot Investment Group v. Hofarth, 250 Neb. 475, 550 N.W.2d 27 (1996). Thus, having determined that the amended petition failed to state a cause of action, we need not consider the issue of misjoinder of actions.
AFFIRMED.
WRIGHT, J., not participating.