FRANKIE LEVI COLE, APPELLANT, V.
HAROLD CLARKE ET AL., APPELLEES.
598 N.W. 2d 768
Filed August 17, 1999.   No. A-98-865.

Frankie Levi Cole, pro se.

Don Stenberg, Attorney General, and Linda L. Willard for appellees.

HANNON, MUES, and CARLSON, Judges.

MUES, Judge.

## INTRODUCTION

Frankie Levi Cole appeals from the decision of the Lancaster County District Court granting the motion of Harold Clarke, Frank Delgado, Frank X. Hopkins, Donald McCall, the Nebraska Board of Parole (Board), and the State of Nebraska for summary judgment.

## PLEADINGS

In Cole's third amended complaint, filed September 8, 1997, he alleges that at all times relevant to this action, he was a prisoner committed to the Nebraska Department of Correctional Services (DCS), Clarke was the director of DCS, Hopkins was the warden at the Nebraska State Penitentiary (NSP), Delgado

was the head records officer at NSP, and McCall was the acting chairman of the Board.

According to Cole, on February 25, 1992, while on parole for burglary and theft convictions, Cole was arrested and charged with receiving stolen property. Cole's parole officer arrived at the jail the next day and informed Cole that the State would seek to revoke Cole's parole based on the new criminal charge. Cole's parole officer gave Cole the option of waiving his right to a speedy parole hearing in order to permit the Board to wait for a determination of guilt on the new criminal charge. A parole " 'hold' " was placed on Cole, preventing him from bonding out of jail on the new charge.

In July 1992, Cole pled guilty to the new charge, and he was sentenced to 6 months' imprisonment, with credit for time served from the date of his arrest. Cole was then taken to DCS, and a formal revocation hearing was held on August 3. Cole's parole was revoked. The Board declared that the time Cole was in jail awaiting trial on the receiving stolen property charge was "dead time," or time that did not count against Cole's sentences for burglary and theft. Clarke subsequently issued an order commanding that Cole's release date from prison be extended on account of the 138 days' dead time. Delgado, or someone under his supervision, then changed NSP records to reflect the 138-day extension as commanded by Clarke's order. Hopkins then held Cole approximately 90 days past Cole's originally scheduled release date.

Cole further alleged that the sentencing judge on his receiving stolen property conviction did not expressly state that Cole's jail time on that conviction was to run concurrently with his prison sentences for burglary and theft. Cole claimed that "the mandatory wording of [Neb. Rev. Stat. §] 83-1,123(1) and (2) (Reissue 1987), in combination with the sentencing judge's order demands that these two sentences run concurrently." Cole filed numerous grievances in an attempt to get the defendants to change his release date, but to no avail. Cole further contends:

> [T]he evidence indicates the State Defendants knew that Plaintiff's rights were being violated when Section 83-1,123 was misapplied in this case because the Defendants and their agents then got together and used

their official authority and influence to change the wording of this statute after Plaintiff complained of their illegal application of it.

Cole claimed that as a result of the "wrongful and negligent acts" of the defendants, Cole was illegally and unconstitutionally forced to endure personal injury in the forms of false imprisonment; "double celling"; denial of proper medical care; loss of liberty; lost wages and earning opportunities; "oppression under color of State law"; and mental, physical, and emotional pain and suffering.

In a section entitled "Causes of Action," Cole alleged that his action against the State is "pursuant to the Nebraska Tort Claims Act" for all the personal injuries listed above, *except false imprisonment.*" (Emphasis supplied.) Cole further alleged that his claims against the defendants in their "individual capacities . . . pursuant to Neb. Rev. Stat. § 20-148 (Reissue 1991)" were for all the personal injuries listed above which resulted from violations of the 4th and 14th Amendments to the U.S. Constitution. Cole contends that the actions of the individual defendants violated the Constitution of the State of Nebraska because the defendants "went outside the law and deliberately and/or with reckless disregard for the law, falsified Plaintiff's prison release date based upon arbitrary, capricious, vindictive and invidious reasons." Cole further alleged that the defendants inflicted these violations under color of law in a malicious manner "and then sought to legitimize their behavior by altering State law for arbitrary and capricious reasons."

Cole sought a declaration that his constitutional rights had been violated under "[Neb. Rev. Stat. §] 83-1,123 (Reissue 1987)" and requested relief for damages. Cole alleged that he had initially submitted this claim to the State Claims Board on June 23, 1996. After the claims board disallowed this claim on November 7, Cole filed the present action.

The State generally denied all of the allegations and alleged, inter alia, that the petition failed to state a cause of action, that the defendants acted in good faith and were immune from suit, that damages against the defendants were barred by the 11th Amendment, that the court lacked jurisdiction in that the action

was barred by the statute of limitations, and that the court lacked jurisdiction under Neb. Rev. Stat. § 81-8,219 (Reissue 1996).

## SUMMARY JUDGMENT PROCEEDINGS

On January 29, 1998, the defendants filed a motion for summary judgment. Cole also filed a motion for summary judgment. A hearing was held April 1. The district court determined that Cole's cause of action accrued in August 1992 and was therefore barred by the 2-year statute of limitations found in Neb. Rev. Stat. § 81-8,227 (Reissue 1996) of the State Tort Claims Act. The district court further determined that Cole's sentences were to be served consecutively, not concurrently as Cole contended, and therefore determined that Cole was not entitled to credit on his burglary and theft sentences for the "139 days served against" the receiving stolen property sentence. Accordingly, the court granted the defendants' motion for summary judgment, denied Cole's motion for summary judgment, and dismissed Cole's petition. Cole's motion for new trial was overruled, and he timely appeals.

## ASSIGNMENTS OF ERROR

Cole alleges the district court erred in finding that the statute of limitations had run on his claims filed pursuant to the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 1996); in finding that the statute of limitations had run on his "federal false imprisonment and due process claims filed pursuant to Neb. Rev. Stat. § 20-148 (Reissue 1991)"; in finding that neither the State of Nebraska nor the defendants in their individual capacities were liable for the damages to Cole; and in finding that Cole was not entitled to credit for time served on both his receiving stolen property conviction and his parole sentences.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Goff-Hamel v. Obstetricians & Gyns., P.C.*, 256 Neb. 19, 588 N.W.2d 798

(1999); *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999).

## DISCUSSION

Cole's legal theories are not crystal clear, but from the pleadings, briefs, and arguments at the motion for summary judgment, Cole is apparently attempting to assert damage claims for constitutional violations against the individual defendants and a tort claim for damages against the State.

The district court determined that Cole was asserting a cause of action for false imprisonment, for deprivation of constitutional and statutory rights pursuant to Neb. Rev. Stat. § 20-148 (Reissue 1997), and for a declaratory judgment of his rights under § 83-1,123. We disagree that Cole properly sought a declaratory judgment. The Uniform Declaratory Judgments Act, Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 1995), is available only when there is a justiciable controversy. See *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989). In Cole's petition, he alleges that he had previously filed a petition seeking declaratory judgment but that said action was dismissed as moot following his release from prison in October 1995. Cole's petition sounds in tort and constitutional violations. It seeks damages resulting from his imprisonment beyond a date which he alleges he should have been released. In order to prove a claim for false imprisonment, Cole would obviously have to prove that his detention was unlawful. See 35 C.J.S. *False Imprisonment* § 1 (1960). Thus, while Cole may pray for a declaration that his detention was unlawful, we view such request in this context to be solely for purposes of establishing an element of his false imprisonment claim. Accordingly, we do not view Cole's petition as properly seeking a declaration of rights but only as attempting to state a tort claim for false imprisonment and a damage claim for constitutional deprivations.

*Tort Claim Against State.*

█ Article V, § 22, of the Nebraska Constitution provides: "The state may sue and be sued, and the Legislature shall pro-

vide by law in what manner and in what courts suits shall be brought."

The Supreme Court has held that this constitutional provision is not self-executing. *Gentry v. State*, 174 Neb. 515, 118 N.W.2d 643 (1962). Sovereign immunity must be specifically waived in legislation. Any statute purporting to waive the State's sovereign immunity must be clear in so doing and must be strictly construed in favor of the State. *Wadman v. State*, 1 Neb. App. 839, 843, 510 N.W.2d 426, 429 (1993).

Section 81-8,209 provides:

The State of Nebraska shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the state, any state agency, or any employee of the state on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act. The Legislature further declares that it is its intent and purpose through such act to provide uniform procedures for the bringing of tort claims against the state or an employee of the state and that the procedures provided by such act shall be used to the exclusion of all others.

The tort claims act, in § 81-8,210(4), defines, in part, a tort claim as

any claim against the State of Nebraska for money only on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the state, while acting within the scope of his or her office or employment, under circumstances in which the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death[.]

The tort claims act does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." § 81-8,219(4). Despite Cole's allegations that his claim against the State is not based on false imprisonment, the substance of this claim in fact *arises out of* his alleged false imprisonment. The tort claims act does not apply to waive the State's sovereign

immunity on this claim. Thus, whether the claim was timely or not, it was properly dismissed as there is no reasonable possibility that amendment will remedy the deficiency. See *Hoch v. Prokop,* 244 Neb. 443, 507 N.W.2d 626 (1993).

*Constitutional Violations Against Individuals.*

■ Cole based his action against the individual defendants on § 20-148. Section 20-148 provides a private cause of action for "deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska" by a private employer. This section does not apply to individuals acting in their capacities as public officials. See *Sinn v. City of Seward,* 3 Neb. App. 59, 523 N.W.2d 39 (1994). Cole's complaint alleges that his personal injuries occurred while the defendants were acting in their official capacities. Thus, again, whether or not Cole's causes of action under § 20-148 were timely brought, his petition was properly dismissed, as it failed to state a cause of action against the individual defendants and there is no reasonable possibility to amend to state such a cause of action. See *Hoch, supra.*

For the foregoing reasons, we affirm the judgment of the district court dismissing Cole's petition as to all defendants. See *Gordon v. Community First State Bank,* 255 Neb. 637, 587 N.W.2d 343 (1998) (holding where record demonstrates that decision of trial court is correct, although such correctness is based on different ground from that assigned by trial court, appellate court will affirm). In so concluding, we do not hold that the reasons given by the trial court were incorrect, only that it is unnecessary for us to reach that question given our resolution of this appeal.

AFFIRMED.