FRANKIE LEVI COLE, APPELLANT, V. ANDREW WILSON, APPELLEE.
627 N.W.2d 140

Filed May 8, 2001.   No. A-00-029.

Frankie Levi Cole, pro se.

Michael J. Mooney and Francie C. Riedmann, of Gross & Welch, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Frankie Levi Cole appeals the order of the Douglas County District Court dismissing with prejudice his petition alleging personal injuries caused by various actions and inactions by the public defender assigned to represent him, which led to Cole's alleged wrongful imprisonment for which he sought a money judgment. Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2000), this case was ordered submitted without oral argument.

## STATEMENT OF FACTS

In order to understand the appeal at issue before this court, it is necessary to consider this action in light of the history of Cole's complaints regarding the representation provided to him by Andrew Wilson. These complaints date back through several lawsuits, and the facts which form the basis of the lawsuits are the same. In each case, Cole alleges that all events occurred

between February 13 and April 9, 1996; that during this time period, he was represented by Wilson, an employee of the Douglas County public defender's office, to defend him on three misdemeanor traffic violations; and that Wilson failed to adequately represent him, which resulted in Cole's incarceration.

The first lawsuit filed by Cole in which Wilson was a defendant was filed on April 2, 1997. This action was docketed in the Douglas County District Court at docket 959, page 838, and was assigned to Judge Stephen Davis. On April 9, 1998, this case was administratively dismissed for lack of prosecution.

Cole then filed a second suit in which Wilson was named a defendant along with Tim Shanahan, Judge Davis, Rudy J. Tesar, and Douglas County, Nebraska. This case was docketed in Douglas County District Court at docket 974, page 290. Again, Cole alleged incompetent legal representation by Wilson. Demurrers were filed by all defendants except Douglas County. Wilson demurred on the basis that Cole's claim was barred by the statute of limitations because the acts of which Cole complained were completed by April 8, 1996. The district court sustained Wilson's demurrer and dismissed the action without leave to amend. The court also sustained the demurrers filed by Shanahan, Davis, and Tesar. However, no demurrer was filed by Douglas County, and the case was not dismissed as to Douglas County.

Cole then appealed to this court, case No. A-99-067, wherein we summarily dismissed his appeal because the district court order adjudicated less than all of the claims made against the parties. Cole then filed a motion to reopen the case in district court, which motion was denied. Cole again appealed to this court, case No. A-99-529, and this court, inter alia, summarily affirmed the dismissal of Cole's petition against Wilson.

On November 1, 1999, Cole filed the petition in the instant case against Wilson. Cole alleged personal injury caused by Wilson's actions and inactions during the time period between February 13 and April 9, 1996. Cole also alleged that he had presented a political subdivisions tort claim, but had withdrawn the claim in May 1997. This petition was amended on January 3, 2000, to add the allegation that "Andrew Wilson is required by Nebraska law to take out a bond to indemnify him for torts resulting from his actions or inactions as a Public Defender." In

all other respects, the amended petition was identical to the original petition.

On December 22, 1999, Wilson filed a demurrer seeking dismissal of Cole's petition for failure to state a cause of action on the basis that the same cause of action was previously filed by Cole and was dismissed with prejudice and for the reason that Cole's claim is barred by the applicable statute of limitations.

A hearing on the demurrer was held on January 4, 2000, and thereafter, the district court dismissed Cole's petition with prejudice for the reason that the instant action was duplicative of another case at docket 974, page 290, which was dismissed and said dismissal summarily affirmed in the Court of Appeals in case No. A-99-529. The court did not address the allegation contained in the demurrer that Cole's action was barred by the applicable statute of limitations. Cole has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Cole claims that the district court erred in the following respects: (1) dismissing his petition based upon res judicata where the prior case was dismissed on procedural grounds and the district court applied the wrong statute of limitations, (2) failing to grant Cole leave to amend his petition, and (3) failing to find the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1997), does not preclude the filing of a personal injury lawsuit against an employee of a political subdivision if the lawsuit is against the individual in his or her personal capacity.

## STANDARD OF REVIEW

An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998); *Parker v. Lancaster Cty. Sch. Dist. No. 001*, 254 Neb. 754, 579 N.W.2d 526 (1998); *Lawry v. County of Sarpy*, 254 Neb. 193, 575 N.W.2d 605 (1998).

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable

inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Gordon v. Community First State Bank, supra.*

## ANALYSIS

Cole's first claim is that the district court erred in dismissing his petition with prejudice based upon res judicata where the prior case was dismissed on procedural grounds and the district court applied the wrong statute of limitations. Cole claims that the instant action differs from his previous lawsuits because he claims that he is bringing suit against Wilson in his individual capacity, as opposed to his official capacity as public defender. He further contends that because the instant case was brought against Wilson in his unofficial capacity, the 4-year statute of limitations for personal injuries applies. See Neb. Rev. Stat. § 25-536 (Reissue 1995).

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Acosta v. Seedorf Masonry, Inc.,* 253 Neb. 196, 569 N.W.2d 248 (1997).

> Under the traditional rule of res judicata, sometimes called claim preclusion, any rights, facts, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated by the parties and privies.

*Vann v. Norwest Bank Neb.,* 256 Neb. 623, 626, 591 N.W.2d 574, 577 (1999). Accord *Pipe & Piling Supplies v. Betterman & Katelman,* 8 Neb. App. 475, 596 N.W.2d 24 (1999).

Although Cole claims that he is bringing this lawsuit against Wilson in his individual capacity, all of the allegations contained in Cole's petition in the instant case relate to Wilson's performance of his duties as a public defender. The requirements of the Political Subdivisions Tort Claims Act apply where an individual is sued in his or her individual capacity, but is performing within the scope of employment. See, *Bohl v. Buffalo*

*Cty.*, 251 Neb. 492, 557 N.W.2d 668 (1997); *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995). Since it is apparent from the allegations contained in Cole's pleadings that the alleged actions or inactions by Wilson arose within the scope of Wilson's employment with the Douglas County public defender's office, the requirements of the Political Subdivisions Tort Claims Act apply, including the statute of limitations requirements.

Further, the allegations contained in the instant case are identical to the allegations against Wilson in his previous lawsuit found at case No. A-99-529. In that case, Wilson filed a demurrer seeking dismissal of Cole's petition on the basis that Cole's claim was barred by the statute of limitations. The district court sustained Wilson's demurrer on the basis that the petition showed on its face that the action was barred by the statute of limitations. This court summarily affirmed the sustaining of Wilson's demurrer and the dismissal of Cole's petition against Wilson. Thus, it is clear that it was determined in the previous lawsuit that the statute of limitations precluded Cole's lawsuit and that this determination is res judicata of Cole's statute of limitations argument in the instant case.

Further, the district court did not err in dismissing Cole's petition without granting him leave to amend. When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendments will correct the defect. *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998); *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994); *Durand v. Western Surety Co.*, 245 Neb. 649, 514 N.W.2d 840 (1994); *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). It is quite clear that no amendment could cure the statute of limitations defect in Cole's petition. Thus, the district court did not err in dismissing Cole's petition without granting him leave to amend his petition.

Because we have determined that the district court properly sustained Wilson's demurrer, we need not address Cole's remaining assigned error, i.e., whether the district court erred in failing to find the Political Subdivisions Tort Claims Act does not preclude the filing of a personal injury lawsuit against an

employee of a political subdivision if the lawsuit is against the individual in his or her personal capacity.

Further, we note Cole has previously filed several lawsuits alleging similar claims against Wilson in that all events occurred between February 13 and April 9, 1996; that during this time period, he was represented by Wilson to defend him on three misdemeanor traffic violations; and that Wilson failed to adequately represent him, which resulted in Cole's incarceration. These previous lawsuits, after using judicial resources which could be made available to other litigants, were disposed of without a trial on the merits.

■ The state's interest in not allowing frivolous or malicious litigation in its courts is constitutionally paramount to the plaintiff's desire to pursue such litigation. *State ex rel. Tyler v. Douglas Cty. Dist. Ct.*, 254 Neb. 852, 580 N.W.2d 95 (1998). For example, the Supreme Court has affirmed a holding of the Douglas County District Court limiting Tyler to filing one lawsuit per month when proceeding in forma pauperis. *Id.* Pursuant to this court's interest in not allowing frivolous or malicious litigation, we further order that Cole is prohibited from filing suit against Wilson based upon the following facts: During the time period between February 13 and April 9, 1996, Cole was represented by Wilson, and Wilson failed to adequately represent him, which resulted in Cole's incarceration.

## CONCLUSION

The district court properly sustained Wilson's demurrer to Cole's petition based upon the doctrine of res judicata. Further, dismissal of Cole's petition was proper without granting Cole leave to amend his petition as there is no reasonable possibility that Cole could amend his petition to cure the statute of limitations defect. The order of the district court is affirmed. We further order that Cole is prohibited from filing suit against Wilson, as previously set forth in this opinion.

AFFIRMED.