FRANKIE LEVI COLE, APPELLANT, V.
HAROLD CLARKE ET AL., APPELLEES.
641 N.W.2d 412

Filed March 12, 2002.   No. A-00-1295.

Frankie Levi Cole, pro se.

Don Stenberg, Attorney General, and Jennifer M. Amen for appellees.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Frankie Levi Cole appeals from an order of the district court granting a demurrer in favor of Harold Clarke, Frank Delgado, Frank X. Hopkins, Donald McCall, and Donald E. Endacott (collectively Appellees). Clarke was the director of the Department of Correctional Services, Hopkins was the warden at the Nebraska State Penitentiary, Delgado was the head records officer at the penitentiary, McCall was the acting chair of the

Nebraska Board of Parole, and Judge Endacott was a district court judge. Cole was a prisoner committed to the Nebraska Department of Correctional Services. On appeal, Cole challenges the district court's ruling that his petition was barred by res judicata and refusing to use equitable estoppel to grant him relief. We find Cole's appeal to be meritless, and we affirm the judgment of the district court in all respects.

## II. BACKGROUND

Cole filed a petition on March 27, 2000, alleging that Appellees had committed a "breach of their official bonds" pursuant to, inter alia, Neb. Rev. Stat. §§ 11-112 (Reissue 1997) and 25-2101 (Reissue 1995). Cole named Appellees as defendants, as well as Northland Insurance Company. On April 4, a demurrer was filed on behalf of Appellees. The district court sustained the demurrer on July 26, finding that the case was barred by res judicata as to Clarke, Delgado, Hopkins, and McCall because the matter arose out of the same factual scenario as *Cole v. Clarke*, 8 Neb. App. 614, 598 N.W.2d 768 (1999) (*Cole I*), and finding that the "official bonds" statutes did not apply to Judge Endacott.

Cole appealed from the court's July 26, 2000, order. On September 29, this court dismissed Cole's appeal, based on Neb. Rev. Stat. § 25-705(6) (Supp. 1999). See *Cole v. Clarke*, 9 Neb. App. lvi (case No. A-00-885, Sept. 29, 2000). The portion of § 25-705(6) relied upon provided, in pertinent part, that a final judgment could be rendered as to fewer than all of the parties involved in an action with multiple defendants only upon an express determination that there existed no just reason for delay and an express direction for entry of final judgment. Because the court's order did not dispose of the action against Northland Insurance Company, this court concluded that there was no final order. As such, we dismissed the appeal.

On November 13, 2000, the district court entered an order dismissing the action against the final defendant, Northland Insurance Company. Cole has once again appealed from the district court's dismissal of his action against Appellees.

## III. ASSIGNMENTS OF ERROR

On appeal, Cole has assigned two errors. First, Cole asserts that the district court erred in finding that the issues in this case

are barred by the doctrine of res judicata. Second, Cole asserts that the district court erred in refusing to recognize equitable estoppel principles to grant him relief.

## IV. ANALYSIS

As noted, this is an action by Cole against Appellees alleging a "breach of their official bonds." Cole cites §§ 11-112 and 25-2101 as the statutory basis for his present action. Despite the fact that he is alleging a different statutory basis for this action, the current action is based on exactly the same operative facts as Cole's action in *Cole I*. The present action is against the exact same individual defendants as *Cole I*, except that the trial judge from *Cole I*, Judge Endacott, is also named in the present action.

In granting Appellees' demurrer, the district court ruled that as to Clarke, Hopkins, Delgado, and McCall, the decision of this court rejecting Cole's appeal in *Cole I* was res judicata. As to Judge Endacott, the court ruled that the official bonds statute cited by Cole, Neb. Rev. Stat. § 11-101 (Reissue 1997), specifically does not apply to Judge Endacott. Accordingly, the court dismissed Cole's petition. We conclude that the district court ruled correctly on these issues.

### 1. Res Judicata Issue Concerning Clarke, Hopkins, Delgado, and McCall

The first issue before us is whether, as the district court concluded, Cole's petition against Clarke, Hopkins, Delgado, and McCall is barred by the doctrine of res judicata and this court's holding in *Cole I*. After carefully reviewing the decision in *Cole I* and the operative petition in the present case, it is apparent that res judicata does bar Cole's present claim against these defendants.

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Cole v. Wilson*, 10 Neb. App. 156, 627 N.W.2d 140 (2001). The doctrine of res judicata rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause of action. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994).

The doctrine of res judicata applies when the same cause of action is sought to be litigated a second time. *Graham v.*

*Waggener,* 219 Neb. 907, 367 N.W.2d 707 (1985). See, also, *In re Interest of Jaden H.,* 10 Neb. App. 87, 625 N.W.2d 218 (2001) (comparing res judicata, or claim preclusion, and collateral estoppel, or issue preclusion), *rev'd on other grounds* 263 Neb. 129, 638 N.W.2d 867 (2002). Whether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right sought to be vindicated rests upon the same operative facts. *Graham v. Waggener, supra.* If so, the same cause of action has been alleged, even if different theories of recovery are relied upon. *Id.*

It is apparent that the present case is premised on the same cause of action as *Cole I.* A review of the operative petition in the present case reveals that it is based on precisely the same operative facts as we outlined in our opinion in *Cole I.* As such, we are not persuaded by Cole's assertion that the present case is premised on a different cause of action simply because he has specified a different statutory basis for the current action. This amounts to alleging a different theory of recovery, but the operative facts and the alleged legal right to be vindicated is exactly the same as in *Cole I.* As such, this is a subsequent suit on the same cause of action as *Cole I.*

The real issue before us is whether our decision in *Cole I* amounted to a judgment "on the merits" such that it precludes Cole from again seeking redress on this cause of action. For purposes of res judicata, a judgment on the merits is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form. See *DeVaux v. DeVaux, supra.* As such, summary judgments, judgments on directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata, while dismissals on technical procedural grounds are generally not on the merits. See *id.*

Cole argues that our decision in *Cole I* was not a decision on the merits, because that "appeal was dismissed on procedural grounds only after this court found that the district court lacked jurisdiction to hear any of the claims." However, our review of *Cole I* indicates that as to the individual defendants, we concluded that Cole "failed to state a cause of action." 8 Neb. App. at 620, 598 N.W.2d at 772. We did not find that the district court

lacked jurisdiction. Even concerning Cole's claim in *Cole I* against the State, we did not find a lack of jurisdiction, but, rather, we found that his claim was barred by the Political Subdivisions Tort Claims Act. See *Cole I*. See, also, *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 417 N.W.2d 757 (1988) (holding that claim being barred by act is not conclusion that court lacks jurisdiction).

A judgment of dismissal based on the failure of a claimant to state a cause of action is considered a judgment on the merits, even where by amendments a good cause of action might be stated. See, *Swift v. Dairyland Ins. Co.*, 250 Neb. 31, 547 N.W.2d 147 (1996); *Schieffer v. Catholic Archdiocese of Omaha*, 244 Neb. 715, 508 N.W.2d 907 (1993). As noted above, our decision in *Cole I* was premised on the fact that Cole had failed to state a cause of action against Clarke, Hopkins, Delgado, and McCall concerning the same operative facts at issue in the present case. As such, the decision of this court in *Cole I* constituted a final judgment on the merits concerning this cause of action.

In the present action, Cole is attempting to relitigate the same cause of action as in *Cole I*, albeit through a different theory of recovery. Cole has named as defendants in this action Clarke, Hopkins, Delgado, and McCall, just as he did in *Cole I*. In *Cole I*, this court rendered a final judgment on the merits concerning this cause of action. Accordingly, the district court did not err in finding that res judicata bars Cole's present petition against these individuals. This assigned error is without merit.

## 2. EQUITABLE ESTOPPEL

Cole also assigns as error the district court's refusal to invoke principles of equitable estoppel or constructive notice concerning the insurance company which issued the bonds relative to Clarke, Hopkins, Delgado, and McCall. Inasmuch as we have concluded that Cole cannot seek his cause of action against the individual defendants, Cole's cause of action against the insurance company acting as surety for the individuals is no longer at issue either. This assigned error is without merit.

## 3. CONCERNING JUDGE ENDACOTT

Cole has not assigned or argued any error concerning the district court's finding that the official bond statute referenced by

Cole specifically does not apply to Judge Endacott. Inasmuch as Cole has not assigned or argued this finding as error, we will not further discuss it.

### 4. CONTINUING LITIGATION

In *Cole v. Wilson*, 10 Neb. App. 156, 627 N.W.2d 140 (2001), this court noted that the state's interest in not allowing frivolous or malicious litigation in its courts is constitutionally paramount to the plaintiff's desire to pursue such litigation. See, also, *State ex rel. Tyler v. Douglas Cty. Dist. Ct.*, 254 Neb. 852, 580 N.W.2d 95 (1998). Pursuant to the appellate courts' interest in not allowing frivolous or malicious litigation, the appellate courts have previously limited Billy Roy Tyler to filing only one lawsuit per month when proceeding in forma pauperis in Douglas County and have ordered that the present claimant, Frankie Levi Cole, be prohibited from filing further litigation against his former attorney, Andrew Wilson, concerning the adequacy of Wilson's representation of Cole between February 13 and April 9, 1996. *Cole v. Wilson, supra.* Similarly, we further order that Cole is prohibited against filing suit against Clarke, Hopkins, Delgado, and McCall based upon the following facts: Cole was improperly held beyond his originally scheduled release date because of Clarke, Hopkins, Delgado, and McCall's actions concerning computation of his release date pursuant to Neb. Rev. Stat. § 83-1,123 (Reissue 1987) for his conviction for burglary and theft as discussed in *Cole I.*

### V. CONCLUSION

Cole's appeal is meritless. Additionally, we specifically direct that Cole is prohibited from filing suit against Clarke, Hopkins, Delgado, and McCall based upon his allegedly being improperly held beyond his originally scheduled release date because of Clarke, Hopkins, Delgado, and McCall's actions concerning computation of his release date pursuant to § 83-1,123 for his conviction for burglary and theft as discussed in *Cole I.* The judgment of the district court is affirmed.

AFFIRMED.