IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MEINTS V. CITY OF BEATRICE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DANIEL MEINTS, APPELLEE AND CROSS-APPELLANT,

V.

THE CITY OF BEATRICE, NEBRASKA, AND JOHN AND JANE DOE(S)
1 THROUGH 10, APPELLANTS AND CROSS-APPELLEES.

Filed April 14, 2015.    No. A-14-548.

Appeal from the District Court for Gage County: DANIEL E. BRYAN, JR., Judge, on appeal thereto from the County Court for Gage County, STEVEN B. TIMM, Judge. Judgment of the District Court affirmed.

Matthew B. Reilly and Thomas J. Culhane, of Erickson & Sederstrom, P.C., L.L.O., for appellant.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

PIRTLE, JUDGE.

INTRODUCTION

The City of Beatrice appeals, and Daniel Meints cross-appeals, from an order of the district court for Gage County affirming in part and reversing in part the Gage County Court's order which dismissed Daniel Meints' amended complaint in its entirety. Based on the reasons that follow, we affirm the judgment of the district court.

BACKGROUND

On April 28, 29 and May 14, 2010, the City issued notices to Meints directing him to abate a variety of nuisances on his property in Beatrice, Gage County, Nebraska. Meints gave notice of his intent to appeal the City's abatement notices. On June 21, the Beatrice City Council denied Meints' appeal, directing that the nuisances on Meints' property be promptly abated. On June 22, 2010, representatives and police officers for the City went to Meints' property with the intention of carrying out the removal of accumulated trash and personal property pursuant to the abatement notices. While at the property, they were confronted by Meints and an altercation ensued.

On June 25, 2010, Meints filed a Complaint and Petition in Error in the district court for Gage County, in which he sought review of the city council's denial of his appeal of the nuisance abatement notices. The petition in error alleged that the city council's decision violated his civil rights, would amount to a taking of his property without fair compensation and result in inverse condemnation of his property. He sought money damages, a restraining order, an injunction, costs and attorney fees, and "other and further relief as is just." On September 14, 2011, the district court dismissed Meints' petition in error. Meints did not appeal the dismissal.

On November 20, 2011, Meints commenced the present action, filing a complaint against the City for damages based upon law enforcement officers' execution of the resolution to abate the public nuisance on Meints' property. Meints alleged four causes of action: (1) a tort claim for unlawful arrest, false imprisonment, assault and wrongful prosecution (tort claim); (2) deprivation of use of his property in violation of Article I, Section 21 of the Nebraska Constitution (takings claim); (3) inverse condemnation damages under Neb. Rev. Stat. § 76-105 (Reissue 2009) (inverse condemnation claim); and (4) violations of unidentified state and federal constitutional rights (federal claim). Attached to Meints' complaint was a December 2010 judgment from the county court for Gage County acquitting Meints of a disorderly conduct charge, which Meints claimed "provide[d] substantially all of the details relating to the incident of June 22, 2010, . . . , for which he makes claim." The judgment described the encounter between Meints and police that gave rise to the disorderly conduct charge.

The City filed a motion to dismiss and alternative motion for summary judgment in the county court, which alleged that the City was entitled to judgment on several grounds, including that the complaint was barred under Neb. Ct. R. Pldg. § 6-1112(b)(6) for failure to state a claim for relief; that the tort claim was barred under the Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 *et seq.* (Reissue 2012); that Meints failed to comply with the procedural prerequisites for appealing a prior decision to abate a public nuisance on his property; and that any challenge of the nuisance abatement was barred by res judicata.

The county court sustained the City's motion to dismiss, but granted a motion made by Meints to file an amended complaint.

Meints filed an amended complaint on August 27, 2013. Therein, Meints asserted the exact same claims against the City as he had in his initial complaint, without the support of any additional facts. The amended complaint differed from Meints' original complaint in only two respects: Meints recast the tort claim as being one for "negligence and/or gross negligence," and he failed to attach the judgment that was attached to the initial complaint.

The City again filed a motion to dismiss and alternative motion for summary judgment, alleging the same grounds as set forth in the previous motion to dismiss. At the hearing on the motion, the City presented two exhibits. Exhibit 1 was the previously mentioned petition in error filed by Meints against the City, and exhibit 2 was the dismissal of that action. Meints did not object to the admission of the exhibits and they were received into evidence.

The county court granted the City's motion to dismiss Meints' amended complaint. It concluded that res judicata did not apply, but found that the sovereign immunity afforded to the City under the PSTCA barred Meints' claims against the City.

Meints appealed the county court's decision to the district court for Gage County. Following a hearing, the district court entered an order affirming in part, and reversing in part the county court's dismissal of Meints' amended complaint. Specifically, the district court affirmed the dismissal of the tort claim and the federal claim, but reversed the dismissal of the taking claim and the inverse condemnation claim. In reversing the two claims, the district court rejected the City's argument that the claims were barred by res judicata, as did the county court, but found that the PSTCA was not the exclusive remedy available to a property owner to seek damages for his property taken for public use. It found that the PSTCA did not prevent Meints from bringing claims under Neb. Rev. Stat. §§ 76-701 to 76-725, and under Neb. Const. Art. I, sec. 21, as set out in Meints' amended complaint.

## ASSIGNMENTS OF ERROR

The City assigns that the district court erred in (1) reversing the county court's dismissal of Meints' takings claim and inverse condemnation claim, (2) concluding that the county court did not consider exhibits 1 and 2 in its decision to dismiss the amended complaint, (3) finding that it could not consider exhibits 1 and 2 in connection with the City's motion to dismiss, (4) determining that it lacked sufficient information to determine whether Meints' claims were barred by res judicata, and (5) failing to correctly apply res judicata doctrine to the law.

On cross-appeal, Meints assigns that the district court erred in (1) finding that his tort claim was precluded from liability under the PSTCA, as falling within an exemption category under the Act, (2) affirming the county court's dismissal of his federal claim, and (3) not allowing him to further amend his complaint.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Centurion Stone of Nebraska v. Whelan*, 286 Neb. 150, 835 N.W.2d 62 (2013). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

An appellate court reviews de novo whether a party is entitled to dismissal of a claim based on federal or state immunity, drawing all reasonable inferences for the nonmoving party. See *Anthony K. v. State*, 289 Neb. 523, 855 N.W.2d 802 (2014).

The applicability of the doctrine of res judicata is a question of law. *Aguirre v. Union Pacific R. Co.*, 20 Neb. App. 597, 828 N.W.2d 180 (2013). On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id*.

ANALYSIS

*City's Appeal.*

The City argues that the district court erred in reversing the county court's dismissal of the taking and inverse condemnation claims because it should have found that the claims were barred by res judicata. The City's assignments of error and correlated arguments all relate to the district court's failure to find that res judicata was applicable, and how exhibits 1 and 2 played into that decision. Although the district court's reversal of the two claims was not based on res judicata, the City does not challenge the grounds upon which the district court actually reversed the claims.

The district court found that the county court did not take exhibits 1 and 2 into consideration in ruling on the motion to dismiss. The district court stated that although the county court accepted exhibits 1 and 2 into evidence, it specifically found that it was deciding a motion to dismiss and not a motion for summary judgment and therefore, the county court did not consider the exhibits and limited its decision to the pleadings. The district court further concluded that it could not consider exhibits 1 and 2 either, nor could it change the motion to dismiss into a motion for summary judgment. The district court concluded therefore, that based on the pleadings submitted, it could not find that the issues which were the subject of the petition in error were the same as those in Meints' amended complaint.

The City argues that the district court erred in finding that the county court did not consider exhibits 1 and 2. We agree. It is clear from the hearing and the county court's order that it considered both exhibits in deciding the City's motion to dismiss the amended complaint. The district court's reliance on the county court's statement that it was deciding a motion to dismiss and not a motion for summary judgment is misplaced because that statement was made at the hearing on the first motion to dismiss. At the hearing on the motion to dismiss at issue, the exhibits were simply offered into evidence, there was no objection, no other evidence was offered, and the hearing continued with both sides being given the opportunity to state their respective positions. There was no discussion regarding the exhibits or whether the motion was one to dismiss or for summary judgment. Further, in its order, the county court specifically relied on and cited to both exhibit 1 and 2 in discussing the procedural history of the case.

Having determined that the county court did consider the exhibits in deciding the motion to dismiss, we must next determine whether taking the exhibits into account was appropriate for a motion to dismiss. Neb. Ct. R. Pldg. § 6-1112(b)(6), previously Neb. Ct. R. of Pldg. in Civil Actions § 12(b)(6), provides that if matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment. Because a § 6-1112(b)(6) motion tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. See *Ferer v. Erickson & Sederstrom, P.C.*, 272 Neb. 113, 718 N.W.2d 501 (2006), *opinion supplemented on overruling of rehearing by Ferer v. Erickson & Sederstrom, P.C.*, 272 Neb. 470, 759 N.W.2d 75 (2006).

- 4 -

In *Ferer v. Erickson & Sederstrom, P.C., supra*, the district court took judicial notice of prior lawsuits that plaintiffs had filed against the defendant in considering defendant's motion to dismiss. The district court, relying on those prior lawsuits, granted defendant's motion to dismiss. On appeal, the plaintiffs argued that the district court erred in considering matters outside the pleadings in its evaluation of the merits of defendant's motion to dismiss. The Nebraska Supreme Court rejected the plaintiffs' argument. It held that while a court's consideration of a § 6-1112(b)(6) motion is generally confined to the allegations in the complaint, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Id.* Thus, it concluded that the district court did not err in considering the other lawsuits brought by the plaintiffs against the defendant in ruling on the § 6-1112(b)(6) motion.

In the present case, the two exhibits offered by the City -- the petition in error filed by Meints against the City, and the order dismissing it -- both related to a prior lawsuit between the parties and are "matters of public record." The fact that the exhibits were admitted into evidence, rather than the court taking judicial notice of them, is of no consequence given that they were the type of evidence that can be considered without converting a motion to dismiss into a motion for summary judgment. As such, it was proper for the county court to consider exhibits 1 and 2 in deciding the City's motion to dismiss.

The City next argues that the district court should have taken exhibits 1 and 2 into consideration, and had it done so, it would have concluded that Meints' takings claim and the inverse condemnation claim were barred by the doctrine of res judicata. As previously stated, the district court found that based on the pleadings alone, it could not find that the issues which were the subject of the petition in error were the same as Meints' present claims. The City contends that when exhibits 1 and 2 are considered, it is apparent that the doctrine of res judicata bars any further litigation by Meints against the City arising out of the city council's decision to abate the nuisance existing on Meints' property.

As we begin our analysis of whether Meints' takings claim and inverse condemnation claim are barred by res judicata, we note that courts and commentators have moved away from using the term "res judicata" and now use the term "claim preclusion." *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). Accordingly, we will use the term "claim preclusion" in our analysis of the issue.

Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Hara v. Reichert, supra.* The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id.* The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id.*

The former judgment at issue in the present case was rendered by the district court for Gage County, a court of competent jurisdiction. The district court's dismissal of the petition in error was a final judgment because it disposed of the petition in error in its entirety and Meints did not appeal the dismissal. Next, since the petition in error was filed by Meints against the City, similar to the

amended complaint at issue here, the requirement that the same parties or their privies were involved in both actions is also satisfied.

The remaining element for claim preclusion is whether the former judgment was "on the merits." For purposes of claim preclusion, a judgment on the merits is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form. See *Cole v. Clarke*, 10 Neb. App. 981, 641 N.W.2d 412 (2002). As such, summary judgments, judgments on directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of claim preclusion, while dismissals on technical procedural grounds are generally not on the merits. *Id.*

Exhibit 2 is the order dismissing Meints' petition in error. The order states that the court "finds that no showing has been [made] pursuant to the Order to Show Cause . . . and that the Complaint filed on June 25, 2010 by [Meints] should be dismissed." We do not know why the order to show cause was issued or what had taken place up to that point regarding Meints' petition in error. Based on the record before us, we are unable to ascertain whether the order dismissing Meints petition in error is a final order "on the merits." Therefore, this necessary element for claim preclusion is not met. Accordingly, even when exhibits 1 and 2 are considered, Meints' causes of action for taking and inverse condemnation are not barred by claim preclusion. The City's assignments of error are without merit.

*Meints' Cross-Appeal.*

On cross-appeal, Meints first assigns that the district court erred in finding that his tort claim was precluded from liability under the PSTCA, because it fell within the intentional torts exemption under the Act.

Tort actions against political subdivisions of the State of Nebraska are governed exclusively by the PSTCA. *McKenna v. Julian*, 277 Neb. 522, 763 N.W.2d 384 (2009). The PSTCA prescribes the procedure for maintenance of a suit against a political subdivision and also provides a list of claims for which sovereign immunity is not waived. *Id.*; Neb. Rev. Stat. § 13-902.

The PSTCA allows a limited waiver of a political subdivision's sovereign immunity with respect to certain, but not all, types of tort actions. *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011). This waiver is limited by specifically delineating claims that are exempt from being brought against a political subdivision such as the City. *Id.*

Where a claim against a political subdivision is based upon acts or omissions of an employee occurring within the scope of employment, it is governed by the provisions of the PSTCA. *Britton v. City of Crawford, supra.* Meints does not allege the City's employees acted outside the scope of their employment at the time of his arrest.

Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against its waiver. *Britton v. City of Crawford, supra.* A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction. *Id.* Thus, the county court and district court were obligated to strictly apply the PSTCA in a manner that favored the City's immunity.

The district court determined that the intentional torts exception found at § 13-910(7) applied and barred Meints' cause of action. The intentional torts exception to the general waiver

of the PSTCA provides that the PSTCA shall not apply to "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Meints' claims for personal injury and damage arise from what he calls an unlawful arrest, detention, and prosecution. In his amended complaint, Meints asserted that "his arrest, detention and prosecution were unlawful, and constituted, among other things, a lack of due care, which is to say negligence and/or gross negligence, in carrying out the police powers of the City of Beatrice." This varied only slightly from his initial complaint, in which he alleged that "his arrest, detention and prosecution were unlawful, and constituted, among other things, false imprisonment, assault, and wrongful prosecution." The cause of action set forth in Meints' initial complaint was clearly based on torts specifically named in the intentional torts exception, § 13-910(7). Meints apparently was hoping to avoid the intentional torts exception by making the allegation of "negligence and/or gross negligence" in his amended complaint. However, as the district court found, Meints cannot sustain his action for an intentional tort and circumvent the PSTCA by claiming at the same time the unlawful arrest was a negligent act by the City. See *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011); Neb. Rev. Stat. § 13-910(7).

In *Britton v. City of Crawford, supra*, the Nebraska Supreme Court rejected a similar attempt by a plaintiff to avoid the reach of the intentional torts exception to the PSTCA. In dismissing the claim against the City of Crawford, the court held that regardless of whatever semantic recasting of the claim the plaintiff may have attempted -- by framing the complaint in negligence instead of an intentional tort -- the claims necessarily arose out of one of the enumerated intentional torts listed in § 13-910(7) and were therefore barred. *Id.*, 282 Neb. At 384-86, 803 N.W.2d at 516-18. Likewise, no matter how Meints may have tried to recast or reframe his tort claim, it is barred under the intentional torts exception to the PSTCA. Meints' first assignment of error on cross-appeal is without merit.

Meints also assigns that the district court erred in dismissing his deprivation of constitutional rights cause of action and that it erred in failing to allow him to further amend his complaint. However, Meints has failed to argue these two assignments of error in his brief on cross-appeal. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Irwin v. W. Gate Bank*, 288 Neb. 353, 848 N.W.2d 605 (2014). Because Meints has not specifically argued his second and third assignments of error, we do not consider them further.

CONCLUSION

We conclude that the district court did not err in affirming the county court's dismissal of Meints' tort claim and federal claim, and reversing the dismissal of the taking claim and inverse condemnation claim. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.