after July 1, sustained a motion to transfer him to a youth rehabilitation and treatment center. For the same reasons set forth in *In re Interest of Marcella G.*, we affirm the decision of the juvenile court.

Affirmed.

————————————

Sherry Hara, appellant, v.
Russell Reichert, appellee.
___ N.W.2d ___

Filed March 7, 2014.    No. S-13-073.

1. **Judgments: Res Judicata: Collateral Estoppel: Appeal and Error.** The applicability of claim and issue preclusion is a question of law. On a question of law, an appellate court reaches a conclusion independent of the court below.
2. **Judgments: Res Judicata.** Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.
3. **Res Judicata.** Claim preclusion bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.
4. ____. Claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.
5. **Judgments: Collateral Estoppel.** Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.
6. **Collateral Estoppel.** Issue preclusion applies only to issues actually litigated.
7. ____. Issue preclusion protects litigants from relitigating an identical issue with a party or his privy and promotes judicial economy by preventing needless litigation.
8. **Res Judicata: Collateral Estoppel.** While the doctrines of claim and issue preclusion are similar and serve similar purposes, they are distinct.
9. **Small Claims Court: Judgments.** A small claims court judgment is in fact a "judgment."
10. **Small Claims Court.** The purpose of small claims court is to provide a prompt and just determination in an action involving small amounts while expending a minimum amount of resources.

11. **Small Claims Court: Res Judicata.** Claim preclusion applies to small claims
     court judgments.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed.

Todd Morten, of Island & Huff, P.C., L.L.O., for appellant.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CONNOLLY, J.

Sherry Hara filed a complaint for declaratory judgment alleging that money she had received from Russell Reichert was a gift and not a loan. Based on a prior small claims court judgment, the district court concluded that Hara's action was barred by both claim preclusion and issue preclusion and dismissed her complaint. Because we determine that claim preclusion applies and its elements are met, we affirm.

## BACKGROUND

Reichert originally sued Hara in Dundy County Small Claims Court for $3,500. Reichert claimed that he had loaned Hara $4,000 to help her buy a car. At the time of the transaction, Reichert and Hara were dating. Hara did not deny receiving the money, but she claimed that Reichert had given her the money as a gift. After a bench trial, the small claims court found that the transaction was a loan and entered judgment for Reichert.

Hara appealed the small claims court judgment to the county court for Dundy County. While the appeal was pending, Hara filed a complaint for declaratory judgment in the Scotts Bluff County Court, seeking a declaration that the $4,000 was a gift rather than a loan and for the court to find that the small claims court judgment "[had] been satisfied in full." Hara later dismissed her pending appeal, apparently for financial reasons. Reichert moved to dismiss Hara's complaint in the Scotts Bluff County Court, which the court granted. Hara then filed a complaint for declaratory judgment in the

district court for Scotts Bluff County, again seeking a declaration that the $4,000 was a gift rather than a loan and for the court to find that the small claims court judgment "[had] been satisfied in full."

Reichert again moved to dismiss Hara's complaint, which the court granted. The court reasoned that both claim preclusion and issue preclusion applied and barred Hara's action. The court recognized that *Henriksen v. Gleason*[1] stated that, given the procedural differences in small claims court, "it is inappropriate to give any issue preclusive effect to any small claims court judgment in a later proceeding brought in county or district court."[2] But the court found *Henriksen* distinguishable because the claim here was the exact same claim and *Henriksen* made that statement only as to issue preclusion, not claim preclusion. The court also reasoned that if *Henriksen* were read broadly, then "within the statute of limitations for the particular cause of action, a successful litigant in small claims [court] could not rely on [that court's] judgment." The court dismissed Hara's complaint, and she appealed.

## ASSIGNMENT OF ERROR

Hara assigns, restated, that the district court erred in concluding that her complaint was barred by both claim preclusion and issue preclusion.

## STANDARD OF REVIEW

[1] The applicability of claim and issue preclusion is a question of law.[3] On a question of law, we reach a conclusion independent of the court below.[4]

## ANALYSIS

Relying on *Henriksen*,[5] Hara argues that a small claims court judgment cannot be given any preclusive effect, under

---

[1] *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002).

[2] *Id.* at 845, 643 N.W.2d at 657.

[3] See *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005).

[4] See, e.g., *In re Interest of S.C.*, 283 Neb. 294, 810 N.W.2d 699 (2012).

[5] *Henriksen, supra* note 1.

either claim preclusion or issue preclusion, because of the procedural limitations of small claims court. We agree that under *Henriksen*, issue preclusion does not apply to small claims court judgments, and that the district court therefore erred in concluding that issue preclusion barred Hara's suit. But *Henriksen* speaks only to issue preclusion and not claim preclusion. Because claim preclusion applies to small claims court judgments, and because all of its elements are met here, we affirm the district court's dismissal.

## Principles of Preclusion

In the past, we have referred to claim preclusion and issue preclusion as res judicata and collateral estoppel.[6] Courts and commentators have moved away from that terminology and now use the terms claim preclusion and issue preclusion.[7] Put simply, they are more clear and descriptive.[8]

[2-4] Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.[9] The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.[10] The doctrine rests on

---

[6] See, e.g., *Kiplinger v. Nebraska Dept. of Nat. Resources*, 282 Neb. 237, 803 N.W.2d 28 (2011), *disapproved in part on other grounds, Banks v. Heineman*, 286 Neb. 390, 837 N.W.2d 70 (2013); *Eicher, supra* note 3; *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994).

[7] See, e.g., *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); Restatement (Second) of Judgments ch. 3 (1982); John P. Lenich, Nebraska Civil Procedure § 8:3 (2008); Christopher Klein et al., *Principles of Preclusion and Estoppel in Bankruptcy Cases*, 79 Am. Bankr. L.J. 839 (2005).

[8] See, e.g., *Taylor, supra* note 7; Klein et al., *supra* note 7.

[9] See *Eicher, supra* note 3.

[10] See *id.*

the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.[11]

[5-7] Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate.[12] Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.[13] Issue preclusion applies only to issues actually litigated.[14] Issue preclusion protects litigants from relitigating an identical issue with a party or his privy and promotes judicial economy by preventing needless litigation.[15]

[8] While the doctrines are similar and serve similar purposes, they are distinct.[16] A close examination of their elements shows this to be true. Claim preclusion looks to the entire cause of action as opposed to a single issue. Claim preclusion does not require a full and fair opportunity to litigate, whereas issue preclusion does. Claim preclusion bars litigation of matters not actually litigated, whereas issue preclusion applies only to issues actually litigated. Claim preclusion also applies only between the parties (or their privies) who were

---

[11] See *id.*

[12] See *In re Margaret Mastny Revocable Trust*, 281 Neb. 188, 794 N.W.2d 700 (2011).

[13] See *id.*

[14] See, *Bobby v. Bies*, 556 U.S. 825, 129 S. Ct. 2145, 173 L. Ed. 2d 1173 (2009); *Peterson v. The Nebraska Nat. Gas Co.*, 204 Neb. 136, 281 N.W.2d 525 (1979); *Schneider v. Lambert*, 19 Neb. App. 271, 809 N.W.2d 515 (2011); Restatement, *supra* note 7, § 27; Lenich, *supra* note 7.

[15] See, e.g., *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979); *Thomas Lakes Owners Assn. v. Riley*, 9 Neb. App. 359, 612 N.W.2d 529 (2000).

[16] See, e.g., *Billingsley v. BFM Liquor Mgmt.*, 264 Neb. 56, 645 N.W.2d 791 (2002). See, also, Restatement, *supra* note 7, §§ 17 through 29; Lenich, *supra* note 7; 50 C.J.S. *Judgments* § 928 (2009).

involved in the prior action,[17] while issue preclusion may be used by a nonparty in a later action, either offensively or defensively.[18]

An example of the doctrines and how they might interact in a hypothetical situation might be helpful. Take, for example, a car (driven by Adam), which collides with two other cars (driven by Brody and Carl). Brody sues Adam, on a theory of negligence, for damage to his car. Adam denies that he was negligent. A jury finds otherwise and final judgment is entered against Adam. Brody cannot later maintain a separate suit, on the same facts, for additional damage to items in his car's trunk. Claim preclusion would bar the suit. Now Carl sues Adam, also on a theory of negligence, for damage to his car. Claim preclusion would not apply, because Carl was not involved in the prior adjudication. But assuming the same essential facts, issue preclusion would prevent Adam from contesting his negligence; that issue was actually and finally decided in the prior suit between Adam and Brody.

### PRECLUSION FOR SMALL CLAIMS COURT JUDGMENTS

Hara's argument—that neither claim preclusion nor issue preclusion applies to a small claims court judgment—rests entirely on *Henriksen v. Gleason*.[19] In that case, Jim Gleason sued Greg Henriksen in small claims court for failing to pay money under a contract. The small claims court entered a default judgment for Gleason, and Henriksen later satisfied the judgment. Henriksen then sued Gleason in county court alleging that, basically, Gleason's performance under the contract was deficient. Although Gleason argued that the prior judgment had a preclusive effect, the county court disagreed and found for Henriksen.[20]

---

[17] See, *Eicher, supra* note 3; 47 Am. Jur. 2d *Judgments* § 577 (2006); 50 C.J.S., *supra* note 16.

[18] See, *JED Constr. Co., Inc. v. Lilly*, 208 Neb. 607, 305 N.W.2d 1 (1981); *Peterson, supra* note 14; *Thomas Lakes Owners Assn., supra* note 15. See, also, 50 C.J.S., *supra* note 16, § 1098.

[19] *Henriksen, supra* note 1.

[20] See *id*.

On appeal, we noted that issue preclusion "should not apply when a new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them."[21] We then explained:

> Proceedings in small claims courts are conducted on a very informal basis, with a minimum of procedural requirements. . . . For example, the jurisdiction of small claims court is currently limited to those cases where the amount in controversy does not exceed $2,400, . . . parties are not represented by counsel, . . . matters are tried without a jury, . . . few formal pleadings are required, . . . and the formal rules of evidence do not apply. . . . The setting in small claims court affords parties the opportunity to obtain a prompt and just determination in an action involving small amounts while expending a minimum amount of resources. This setting is vastly different from the relatively more complex and time-consuming litigation that occurs in county or district courts. Given these procedural differences, we believe it is inappropriate to give any issue preclusive effect to any small claims court judgment in a later proceeding brought in county or district court. For that reason, the county court was not barred from litigating the issue of Gleason's performance under the contract.[22]

Based on *Henriksen*, Hara argues that the prior small claims court judgment cannot be given any preclusive effect, under either claim preclusion or issue preclusion.

But *Henriksen* held only that issue preclusion did not apply to small claims court judgments. This is apparent from its language and reasoning. For example, *Henriksen* repeatedly stated that it was inappropriate to give a small claims court judgment any "issue preclusive effect,"[23] and after emphasizing the procedural limitations of small claims court, *Henriksen*

---

[21] *Id*. at 844-45, 643 N.W.2d at 656.

[22] *Id*. at 845, 643 N.W.2d at 656-57 (citations omitted).

[23] *Id*. at 845, 643 N.W.2d at 657-58.

explained that "[f]or that reason, the county court was not barred from litigating *the issue of Gleason's performance under the contract*."[24] *Henriksen* also relied heavily on § 28(3) of the Restatement (Second) of Judgments and its accompanying comment *d*., which pertained exclusively to issue preclusion.[25] And the only case we cited in our analysis, *Flobert Industries v. Stuhr*,[26] also involved only issue preclusion.

*Henriksen* did not hold that claim preclusion was inapplicable to small claims court judgments. Such a holding would have been inconsistent with our prior case law.[27] Indeed, *Henriksen* did not address claim preclusion at all, for whatever reason, even though it was squarely presented by the fact pattern before us. Had we addressed it, we likely would have found that claim preclusion barred the suit.[28]

[9,10] As impliedly noted, we have previously applied claim preclusion to a small claims court judgment.[29] And, for several reasons, we continue to believe that claim preclusion is applicable to small claims court judgments. First, a small claims court judgment is in fact a "judgment,"[30] and claim preclusion, a fundamental principle of the law of judgments,[31] should apply absent some persuasive reason (or reasons) otherwise. Second, were we not to apply claim preclusion to small claims court judgments, the small claims court would be rendered meaningless, its judgments effectively neutered, because any dissatisfied party could simply file a new action on the same claim in county or district court. This would

---

[24] *Id*. at 845, 643 N.W.2d at 657 (emphasis supplied).

[25] See, *Henriksen, supra* note 1; Restatement, *supra* note 7, § 28(3) and comment *d*.

[26] *Flobert Industries v. Stuhr*, 216 Neb. 389, 343 N.W.2d 917 (1984).

[27] See *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982).

[28] See, *id*.; *Pipe & Piling Supplies v. Betterman & Katelman*, 8 Neb. App. 475, 596 N.W.2d 24 (1999); Lenich, *supra* note 7, § 8:13.

[29] See *DeCosta Sporting Goods, Inc., supra* note 27.

[30] See *Nebraska Dept. of Health & Human Servs. v. Weekley*, 274 Neb. 516, 741 N.W.2d 658 (2007).

[31] See, generally, Restatement, *supra* note 7.

be antithetical to the small claims court's purpose, which is to provide "a prompt and just determination in an action involving small amounts while expending a minimum amount of resources."[32]

Third, our statutes provide a dissatisfied party with the opportunity to appeal from a small claims court judgment.[33] Those statutes would also be rendered meaningless if claim preclusion did not apply to small claims court judgments, because a party would *never* appeal; on appeal, the reviewing court looks only for "error appearing on the record,"[34] whereas in a new action, the dissatisfied party would start from scratch. Fourth, it is fair for the parties to be bound by the judgment of the small claims court when they choose to proceed there. The plaintiff chooses where to file his action and, if unhappy with the small claims court's procedural limitations, can choose to file it in a court of general jurisdiction. And the defendant, if he does not want to proceed in small claims court, can transfer the case to county court.[35]

[11] Other courts have similarly concluded that claim preclusion applies to small claims court judgments.[36] Moreover, our research reveals several jurisdictions that apply claim preclusion to small claims court judgments while limiting or not applying issue preclusion.[37] Although Hara argues otherwise, we see no problem with treating the doctrines differently; they

---

[32] *Henriksen, supra* note 1, 263 Neb. at 845, 643 N.W.2d at 657. See, also, Neb. Rev. Stat. § 25-2806 (Reissue 2008).

[33] See Neb. Rev. Stat. §§ 25-2728 through 25-2738 (Reissue 2008 & Cum. Supp. 2012) and 25-2807 (Reissue 2008).

[34] See §§ 25-2733 and 25-2807.

[35] See Neb. Rev. Stat. § 25-2805 (Cum. Supp. 2012).

[36] See, e.g., *Allen v. Moyer*, 259 P.3d 1049 (Utah 2011); *Hindmarsh v. Mock*, 138 Idaho 92, 57 P.3d 803 (2002); *Peterson v. Newton*, 232 Ariz. 593, 307 P.3d 1020 (Ariz. App. 2013); *Bailey v. Brewer*, 197 Cal. App. 4th 781, 128 Cal. Rptr. 3d 380 (2011); *Doherty v. McMillen*, 805 S.W.2d 361 (Mo. App. 1991); *Bagley v. Hughes*, 465 N.W.2d 551 (Iowa App. 1990). But see *Isaac v. Truck Service, Inc.*, 253 Conn. 416, 752 A.2d 509 (2000).

[37] See, *In re Ault*, 728 N.E.2d 869 (Ind. 2000); *Newton, supra* note 36; *Bailey, supra* note 36; *Clusiau v. Clusiau Enterprises, Inc.*, 225 Ariz. 247, 236 P.3d 1194 (Ariz. App. 2010); *Bagley, supra* note 36.

are separate doctrines with distinct elements.[38] If it were not clear before, we hold that claim preclusion applies to small claims court judgments.

The only remaining question is whether the elements of claim preclusion are met here. They are. Reichert originally sued Hara in small claims court over the same $4,000 and the dispute centered on whether it was a gift or a loan; Hara argued, in her defense, that it was a gift. But after a trial, the small claims court entered judgment for Reichert, finding that it was a loan. Hara did not appeal from that judgment and now seeks to reassert that defense—that the money was a gift and not a loan—in a new action. This she cannot do.[39] Here, we have a former judgment, entered by a court of competent jurisdiction, which was final and on the merits, between the same parties and involving the same claim. Claim preclusion bars Hara's action.

## CONCLUSION

We conclude that claim preclusion, but not issue preclusion, applies to small claims court judgments. Because the elements of claim preclusion are satisfied here, the district court correctly dismissed Hara's action.

AFFIRMED.

---

[38] See, e.g., *Billingsley, supra* note 16; Restatement, *supra* note 7, §§ 17 through 29; Lenich, *supra* note 7; 50 C.J.S., *supra* note 16. See, also, *Newton, supra* note 36; *Doherty, supra* note 36; *Bagley, supra* note 36.

[39] See 50 C.J.S., *supra* note 16, § 1018. Cf., *Dakota Title v. World-Wide Steel Sys*., 238 Neb. 519, 471 N.W.2d 430 (1991); *DeCosta Sporting Goods, Inc*., *supra* note 27.