- 269 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

Stacy M. Bolles, Personal Representative
of the Estate of Gregory L. Bolles,
deceased, appellant, v. Midwest
Sheet Metal Co., Inc., appellee.
___ N.W.2d ___

Filed September 15, 2015.    No. A-14-830.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or
   award of the Workers' Compensation Court may be modified, reversed,
   or set aside only upon the grounds that (1) the compensation court acted
   without or in excess of its powers; (2) the judgment, order, or award was
   procured by fraud; (3) there is not sufficient competent evidence in the
   record to warrant the making of the order, judgment, or award; or (4)
   the findings of fact by the compensation court do not support the order
   or award.
2. **Res Judicata: Appeal and Error.** The applicability of claim preclusion
   is a question of law.
3. **Workers' Compensation: Appeal and Error.** Regarding questions of
   law, an appellate court in workers' compensation cases is obligated to
   make its own decisions.
4. **Judgments: Res Judicata.** Claim preclusion bars the relitigation of a
   claim that has been directly addressed or necessarily included in a for-
   mer adjudication if (1) the former judgment was rendered by a court of
   competent jurisdiction, (2) the former judgment was a final judgment,
   (3) the former judgment was on the merits, and (4) the same parties or
   their privies were involved in both actions.
5. **Res Judicata.** Claim preclusion bars relitigation not only of those mat-
   ters actually litigated, but also of those matters which might have been
   litigated in the prior action.
6. ____. Claim preclusion rests on the necessity to terminate litigation
   and on the belief that a person should not be vexed twice for the
   same cause.

- 270 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

7. **Workers' Compensation.** The Nebraska Workers' Compensation Act is construed liberally to carry out its spirit and beneficent purposes.
8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the Workers' Compensation Court: John R. Hoffert, Judge. Reversed and remanded for further proceedings.

John C. Fowles, of Fowles Law Office, P.C., L.L.O., and John F. Vipperman, of Anderson, Vipperman & Kovanda, for appellant.

Darla S. Ideus, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee.

Inbody, Pirtle, and Bishop, Judges.

Per Curiam.

Stacy M. Bolles, personal representative of the estate of Gregory L. Bolles, has appealed from the order of the Nebraska Workers' Compensation Court that sustained the motion to dismiss filed by Midwest Sheet Metal Co., Inc. (Midwest). For the reasons stated herein, we reverse, and remand for further proceedings.

## BACKGROUND

Following the death of Gregory in 2011, his spouse, Stacy, filed an action in the Workers' Compensation Court in her own behalf and on behalf of other dependents pursuant to the Nebraska Workers' Compensation Act. See Neb. Rev. Stat. § 48-122 et seq. (Reissue 2010 & Cum. Supp. 2014) (pertaining to injuries resulting in death). The trial court found that Gregory's death occurred in the course and scope of his employment with Midwest, a finding affirmed by this court in *Bolles v. Midwest Sheet Metal Co.*, 21 Neb. App. 822, 844 N.W.2d 336 (2014) (*Bolles I*). The underlying facts of this case are set out in detail in *Bolles I* and need not be repeated

- 271 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

here except to the extent necessary for our analysis of the issue presented in the current appeal.

The more pertinent facts to this appeal are procedural in nature. In July 2013, while the appeal in *Bolles I* was pending, Stacy filed a petition in the Workers' Compensation Court in her capacity as personal representative of Gregory's estate. In the petition, Stacy acknowledged that the findings of liability and causation raised in *Bolles I* were binding in the instant case under the doctrine of res judicata. The sole claim raised in the present petition was the reasonableness and necessity of Gregory's medical expenses totaling $18,869.44. In response, Midwest filed a motion to stay or dismiss the matter. The matter was stayed in the trial court pending this court's decision in *Bolles I.*

Upon lifting the stay in May 2014, a hearing was held at which time the trial court took judicial notice of the pleadings from *Bolles I* and listened to arguments of counsel on the applicability of the doctrine of claim preclusion as to the issue of Gregory's medical expenses. Stacy contended that § 48-122 does not provide for payment of medical expenses to a surviving spouse or other dependents and that a separate action must be filed by a personal representative to recover such benefits.

On August 21, 2014, the trial court sustained Midwest's motion to dismiss. The court noted that the plaintiffs in *Bolles I* were awarded various benefits but "noticeably absent" was any request or award for funeral or medical expenses. In rejecting the contention that a surviving spouse is not eligible for an award of medical expenses, the trial court cited *Olivotto v. DeMarco Bros. Co.*, 273 Neb. 672, 732 N.W.2d 354 (2007), concluding that the case recognized that a surviving spouse may seek and obtain an award of medical expenses under § 48-122. The court further noted that a different result would violate the spirit of the Nebraska Workers' Compensation Act, which was designed to be efficient, uncomplicated, and speedy. In summary, the trial court found that the present

- 272 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

claim could have been litigated in *Bolles I* and, thus, was now barred by the doctrine of claim preclusion. Stacy has timely appealed from this order.

## ASSIGNMENTS OF ERROR

Stacy asserts, summarized and restated, that the trial court erred in finding that claim preclusion was applicable between *Bolles I* and the present appeal, granting Midwest's motion to dismiss without finding that her petition failed to state a cause of action, failing to allow her to file an amended petition, and failing to give a reasoned opinion as required by Workers' Comp. Ct. R. of Proc. 11(A) (2011).

## STANDARD OF REVIEW

[1] A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Deleon v. Reinke Mfg. Co.*, 287 Neb. 419, 843 N.W.2d 601 (2014).

[2,3] The applicability of claim preclusion is a question of law. See *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions. See *id.*

## ANALYSIS

The crux of Stacy's argument before the trial court and on appeal is that the claims asserted in *Bolles I* and the present appeal are distinct and involve different causes of action, requiring different plaintiffs. The plaintiffs in *Bolles I* were Gregory's dependents who, according to Stacy, invoked their rights under §§ 48-122 to 48-124, which statutes provide

- 273 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

benefits to the dependents of an employee who died through a work-related accident. She further argues that the provision in Neb. Rev. Stat. § 48-120 (Cum. Supp. 2014) for recovery of medical expenses is a benefit that belongs only to the employee or, in this case, his estate. Stacy argues that she was therefore unable to assert a claim for medical expenses as Gregory's dependent. She points to her pretrial statement in *Bolles I* in which she marked as "Not applicable" the subject of medical expenses.

[4-6] The trial court based much of its analysis of Stacy's claims in the present appeal on the doctrine of claim preclusion. The Nebraska Supreme Court has recently reviewed the principles of claim preclusion and issue preclusion, prefacing its discussion by noting that courts and commentators have moved away from the terminology of res judicata and collateral estoppel. See *Hara v. Reichert, supra*. Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Id.* The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id.* The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id.*

The trial court concluded that Stacy could have litigated the claim for medical expenses in *Bolles I* but did not do so. We disagree. Stacy was not appointed personal representative of Gregory's estate until April 4, 2013, well after the October 26, 2011, filing of the petition in *Bolles I*. The fourth required "prong" for the applicability of the doctrine of claim preclusion is not present in this case, i.e., the same parties or their privies are not involved in both actions. Although the defendant in both actions is the same, the action in *Bolles I*

- 274 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

invoked § 48-122 et seq. and was filed by Stacy as Gregory's wife and on behalf of his other dependents, while the action in the present appeal invoked § 48-120 and was filed by Stacy solely in her capacity as personal representative and the successor in interest to the rights of the deceased. Section 48-120 provides for medical, surgical, and hospital expenses *of the employee*, while §§ 48-122 through 48-124 provide for *dependent benefits*, typically intended to replace the employee's weekly wage, when an employee dies in a work-related accident.

We note that § 48-122(3) provides:

Upon the death of an employee, resulting through personal injuries as defined in section 48-151, whether or not there are dependents entitled to compensation, the reasonable expenses of burial, not exceeding ten thousand dollars, without deduction of any amount previously paid or to be paid for compensation or for medical expenses, shall be paid to his or her dependents, or if there are no dependents, then to his or her personal representative.

This subsection was discussed in *Olivotto v. DeMarco Bros. Co.*, 273 Neb. 672, 732 N.W.2d 354 (2007), a case involving a workers' compensation award to the deceased's wife for weekly indemnity benefits, burial expenses, and medical expenses. Among other things, the defendant employer argued that § 48-122 did not provide for payment of medical expenses to a surviving spouse.

While we acknowledge that *Olivotto* recognized an ongoing obligation on the part of an employer to pay medical expenses to a dependent following the death of an employee, we also recognize that the employee in that case died several months after filing his workers' compensation claim, at a time when his petition for benefits, including medical benefits, remained pending. Upon the employee's death, his employer subsequently entered into a stipulation that the petition could be amended to reflect his death and substitute his wife as the

- 275 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

named plaintiff. When the employer complained on appeal that the workers' compensation statutes did not provide the employee's wife with a basis upon which to recover his medical expenses, the Nebraska Supreme Court disagreed under the facts of that case, grounding its holding in the principle that the employer could not complain about the issue on appeal when it had stipulated at trial that the employee's wife could be substituted as the named plaintiff.

In contrast to the situation described in *Olivotto*, Gregory collapsed at work and subsequently died on the same day. There was, of course, no already-pending workers' compensation petition at the time of his death, nor was there any subsequent stipulation between the parties with regard to the claim for Gregory's medical expenses. In addition, the plaintiffs in *Bolles I* explicitly left undecided the issue of Gregory's medical expenses, since Stacy indicated that medical expenses were "Not applicable" in her pretrial statement. As summarized, the relief sought in the present appeal was outside the scope of the previously entered award in *Bolles I*. We conclude that, under the facts of this case, the doctrine of claim preclusion does not bar the claims asserted in the present appeal and that, because of its distinctive procedural facts, *Olivotto v. DeMarco Bros. Co., supra*, is not controlling in the instant case.

[7] The Nebraska Workers' Compensation Act is construed liberally to carry out its spirit and beneficent purposes. *Tapia-Reyes v. Excel Corp.*, 281 Neb. 15, 793 N.W.2d 319 (2011). We conclude it would be contrary to the spirit and beneficent purposes of the act to forever bar the personal representative of Gregory's estate from recovering his medical expenses based on the doctrine of claim preclusion.

[8] Because we have determined that the trial court's dismissal of the claim in the present appeal based on the doctrine of claim preclusion was in error, we need not address the remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to

adjudicate the case and controversy before it. *Carey v. City of Hastings*, 287 Neb. 1, 840 N.W.2d 868 (2013).

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

INBODY, Judge, concurring.

I agree with the majority that the trial court erred in dismissing Stacy's claim; however, in my opinion, the trial court erred for a different reason. In the present case, Midwest's motion did not refer to an affirmative defense of res judicata or claim preclusion, nor did it clearly identify any defect in her petition or otherwise state that the petition failed to state a cause of action. Further, at the hearing on Midwest's motion to dismiss, not only did the trial court take judicial notice of a number of exhibits related to *Bolles I*, but there is nothing in the record to show that Stacy had received notice of Midwest's planned affirmative defense of claim preclusion prior to the hearing.

*Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 282 Neb. 762, 810 N.W.2d 144 (2011), was an appeal from an order of the district court granting, without comment, the defendants' motion to dismiss for failure to state a claim. On appeal, the defendants contended that the motion to dismiss should have been granted on the bases of judicial estoppel, collateral estoppel, and res judicata. The Nebraska Supreme Court stated that a complaint is subject to dismissal for failure to state a claim when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy. *Id*. For that to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion. *Id*. The court recognized that "'while the Nebraska Rules of Pleading in Civil Actions . . . have a liberal pleading requirement for both causes of

- 277 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
BOLLES v. MIDWEST SHEET METAL CO.
Cite as 23 Neb. App. 269

action and affirmative defenses, the touchstone is whether fair notice was provided.'" *Id.* at 766, 810 N.W.2d at 148, citing *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005). However, the court found that the motion filed by the defendants was generic in nature and did not provide fair notice to the plaintiff of the affirmative defenses that the defendants planned to rely on.

Applying the dictates of *Central Neb. Pub. Power v. Jeffrey Lake Dev., supra*, to the instant case, Midwest's motion was insufficient to provide fair notice to Stacy that Midwest intended to raise an affirmative defense to her claim for medical expenses. Additionally, to the extent the motion to dismiss can be said to have converted into a summary judgment motion, the trial court failed to give the parties notice of the changed status of the motion and a reasonable opportunity to present all material pertinent to such a motion. See, e.g., *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007). Thus, in my opinion, the trial court erred in dismissing Stacy's complaint due to Midwest's failure to provide fair notice to Stacy that it intended to raise an affirmative defense to her claim for medical expenses. I would reverse the decision of the trial court and remand the cause for further proceedings on this basis.