Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/04/2018 08:10 AM CDT

Gary R. Jordan, appellant, v. Kelly R.
Jordan, now known as Kelly R.
Fairchild, et al., appellees.
___ N.W.2d ___

Filed September 4, 2018.    No. A-17-688.

1.  **Collateral Estoppel: Res Judicata.** The applicability of the doctrines of
    collateral estoppel and res judicata is a question of law.
2.  **Judgments: Appeal and Error.** On a question of law, an appellate court
    is obligated to reach a conclusion independent of the determination
    reached by the court below.
3.  **Issue Preclusion.** Issue preclusion bars relitigation of a finally deter-
    mined issue that a party had a prior opportunity to fully and fairly
    litigate.
4.  **Judgments: Issue Preclusion.** Issue preclusion applies where (1) an
    identical issue was decided in a prior action, (2) the prior action resulted
    in a final judgment on the merits, (3) the party against whom the doc-
    trine is to be applied was a party or was in privity with a party to the
    prior action, and (4) there was an opportunity to fully and fairly litigate
    the issue in the prior action.
5.  **Issue Preclusion.** Issue preclusion applies only to issues actually
    litigated.
6.  **Judgments: Words and Phrases.** A judgment is on the merits if the
    judgment is based upon legal rights, as distinguished from mere matters
    of practice, procedure, jurisdiction, or form.
7.  **Issue Preclusion: Parties.** Privity implies a relationship by succession
    or representation between the party to the second action and the party to
    the prior action in respect to the right adjudicated in the first action.
8.  **Issue Preclusion: Words and Phrases.** In its broadest sense, "privity"
    is defined as mutual or successive relationships to the same right of
    property, or such an identification of interest of one person with another
    as to represent the same legal right.

9. **Issue Preclusion.** For the purpose of issue preclusion, the mere fact that litigants in different cases are interested in the same question or desire to prove or disprove the same fact or set of facts is not a basis for privity between the litigants.

10. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Phelps County: TERRI S. HARDER, Judge. Affirmed.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

Galen E. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Gary R. Jordan appeals from an order of the district court for Phelps County finding that it lacked subject matter jurisdiction to determine Gary's action against Kelly R. Jordan, now known as Kelly R. Fairchild, because his causes of action were barred by collateral estoppel. Based on the reasons that follow, we affirm.

## BACKGROUND

On July 21, 2016, Gary filed an amended complaint against Kelly, alleging that he was the owner of a "1976 Century manufactured home" (mobile home) and that on July 28, 2014, Kelly wrongfully converted a certificate of title for the mobile home to her own name. It further stated that Kelly may claim an interest in the property adverse to him, which claim is without any right. Gary asked the court to find that Kelly converted his personal property and to determine how much money it will take to compensate him for the conversion. Gary's

amended complaint also alleged a replevin cause of action. It stated that Kelly wrongfully detained the mobile home and asked for a judgment against Kelly for the return of the mobile home or the value thereof.

Kelly filed an answer alleging that she was the owner of the mobile home and that she was awarded the home in a decree of dissolution entered by the district court for Buffalo County. Kelly denied that she "wrongfully converted" the certificate of title to her own name. She also alleged, as an affirmative defense, that Gary was collaterally estopped from relitigating the issue of ownership of the mobile home, because the issue was previously litigated in the dissolution of marriage action between her and Richard Jordan, Gary's son, a final order was entered determining ownership, and no appeal was taken therefrom.

Trial on Gary's amended complaint was held in April 2017. The evidence showed that Kelly and Richard were divorced by a decree entered by the district court for Buffalo County on November 15, 2013. Prior to the dissolution trial, Kelly filed a property statement in which she identified the mobile home, located in Grand Island, Nebraska, as a marital asset valued at $10,000 and noted that the asset was in Richard's possession. An "Amended Joint Property Statement" was entered into evidence on the second day of the dissolution trial, which showed that Richard was disputing that he was in possession of the mobile home and claimed that Gary was the owner of the mobile home.

The ownership of the mobile home was an issue at the dissolution trial between Kelly and Richard. While Gary testified as a witness at the trial in regard to the mobile home, at no time did he seek to intervene in the proceeding. He testified that he bought the mobile home and that the initial title was issued in his name and in the name of his girlfriend, Gloria Siverly. Gary testified that neither Kelly nor Richard provided any funds to purchase the mobile home. He and Siverly lived in the home initially, and Gary claimed he was living in it at the time

of the dissolution trial. Gary testified that he later transferred title to Richard and Siverly because he was having health issues. The record before us contains a Nebraska certificate of title issued in October 1997, purportedly showing Richard and Siverly to be the titled owners of the mobile home. However, it should be noted that at no time did anyone seek to add Siverly as a necessary party to the divorce proceedings.

Gary testified in the present case that when he and Siverly broke up, prior to Kelly and Richard's divorce, Siverly signed over the title to the mobile home and then he had a new title issued in Richard's name only. Gary testified that shortly after the divorce, Richard also signed the title and Gary then had the title issued in his own name only. This explanation is supported by exhibits 10 and 11, where it appears that Siverly signed the title giving up her interest and then Richard added his signature after the divorce decree was entered.

The record also contains Gary's response to requests for admissions wherein he was asked to admit or deny that title to the mobile home was titled in Siverly's name from 1996 to 2002. He denied it, stating that title was initially issued in his and Siverly's names; that title was transferred to Richard and Siverly when Gary started having health issues; that he and Siverly broke up in 2002 or 2003; and that before she left, she signed the title and left it with him.

In the decree of dissolution, the court found that the mobile home was a marital asset valued at $10,000 and awarded it to Kelly. About a month after the divorce decree was entered, Richard transferred title to the mobile home to Gary.

No direct appeal was taken from the decree, but Kelly and Richard each filed a motion for new trial or, in the alternative, to alter or amend the decree. The court made a minor modification to the decree, but overruled both motions in an order dated June 17, 2014. No change to the decree was made with respect to the mobile home awarded to Kelly, but the district court for Buffalo County made the following findings with regard to the mobile home:

[Richard's] affidavit offered at the time of motion hearing makes an additional reference to a mobile home not mentioned in the motion itself . . . .

. . . .

Richard's affidavit does appear to point out a potential problem in the Court's award. Unfortunately, the evidence is so meager as to whether this was marital property or the property of a third-party that there is no true basis for the Court to make an order other than paragraph 4 of Richard's affidavit, for which there is no foundation and which is apparently based upon hearsay. Kelly's counsel objected at the time of the motion for hearing on these grounds and the Court must find that the objection should be sustained.

. . . .

Richard's motion in this regard should be [and] the same hereby is overruled.

No appeal was taken from the order overruling the motions for new trial or, in the alternative, to alter or amend. At that point, Kelly utilized the divorce decree to obtain a title to the mobile home in her name in Hall County. She subsequently sold the mobile home to a third party for $10,000, the value that had been placed on it in the divorce decree.

Following trial in the instant case, the trial court found that collateral estoppel applied to Gary's action and that therefore, it lacked subject matter jurisdiction to determine the controversy, and it dismissed the amended complaint. The court went on to find that regardless of the doctrine of collateral estoppel, Gary did not meet his burden of proof to recover on his actions for conversion and replevin.

## ASSIGNMENTS OF ERROR

Gary assigns that the district court erred in (1) finding that it lacked subject matter jurisdiction and dismissing his causes of action, (2) finding that he failed to establish the necessary elements of conversion, and (3) dismissing his amended complaint.

## STANDARD OF REVIEW

[1,2] The applicability of the doctrines of collateral estoppel and res judicata is a question of law. *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

Gary first argues that the court erred in finding that it lacked subject matter jurisdiction. The court made this determination after concluding that collateral estoppel applied to Gary's causes of action. As we begin our analysis of whether Gary's claims are barred by collateral estoppel, we note that courts and commentators have moved away from using the term "collateral estoppel" and now use the term "issue preclusion." See *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). Accordingly, we will use the term "issue preclusion" in our analysis of the issue.

[3-5] Issue preclusion bars relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. See *Shriner v. Friedman Law Offices*, 23 Neb. App. 869, 877 N.W.2d 272 (2016). Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Id*. Issue preclusion applies only to issues actually litigated. *Id*.

The trial court found that all four elements necessary for issue preclusion exist in this case. We agree.

The first element of issue preclusion—the identical issue was decided in a prior action—is met. In the instant case, Gary raises the issue of who owns the mobile home. He alleges that he is the rightful owner of the mobile home and that Kelly wrongfully converted title to her own name. However, the

issue of who owns the mobile home was previously litigated and decided in the decree dissolving the marriage between Kelly and Richard. Kelly claimed that the mobile home was a marital asset in Richard's possession; Richard contested that he had possession and claimed that Gary owned the home. Gary testified at the dissolution trial that the mobile home belonged to him, yet he never sought to intervene in the matter. The court ultimately determined that the mobile home was a marital asset and awarded it to Kelly in the decree. Therefore, the issue of who owned the mobile home was previously litigated and decided in a prior action.

[6] The second element of issue preclusion—a judgment on the merits which was final—is also met. The decision by the trial court in the divorce proceedings was on the merits. A judgment is on the merits if the judgment is based upon legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form. See *Jamie N. v. Kenneth M.*, 23 Neb. App. 1, 867 N.W.2d 290 (2015). As previously discussed, the ownership of the mobile home was at issue in Kelly and Richard's dissolution proceedings and after hearing evidence on the matter, the trial court determined it was a marital asset and awarded it to Kelly. Neither party appealed the decree of dissolution or the order on the motion for new trial or to alter or amend the judgment. The decree is a final order as defined by Neb. Rev. Stat. § 25-1902 (Reissue 2016). Accordingly, the court's decision to award Kelly the mobile home in the divorce decree was a final judgment on the merits.

[7-9] The third element of issue preclusion is that the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action. Gary, the party against whom the rule is to be applied, was not a party in the divorce action, but was in privity with a party, Richard. Privity implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action. *Thomas Lakes Owners Assn. v. Riley*, 9 Neb. App. 359,

612 N.W.2d 529 (2000). In its broadest sense, "privity" is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. *Id.* For the purpose of issue preclusion, the mere fact that litigants in different cases are interested in the same question or desire to prove or disprove the same fact or set of facts is not a basis for privity between the litigants. *Id.*

In the present case, Gary and Richard are related—Gary is Richard's father. Further, the record shows that at the dissolution trial, Richard claimed that Gary owned the mobile home and Gary was called as a witness by Richard and allowed to testify in regard to his ownership status. Based on the relationship between Gary and Richard, and Gary's involvement in the dissolution trial, we agree with the trial court that privity exists between Gary and Richard and that the third element of issue preclusion has been met.

The fourth element of issue preclusion requires that there was an opportunity to fully and fairly litigate the issue in the prior action. Again, the ownership of the mobile home was an issue in the dissolution proceeding. The record shows that Richard presented evidence in the divorce proceeding to show that Gary owned the mobile home. Specifically, Gary himself testified about the ownership status of the home. There was no appeal filed from the decree, but Richard did file a motion for new trial or, in the alternative, to alter or amend the judgment. One of the issues he raised was the ownership of the mobile home. The court found there was no competent evidence to show that Gary owned the mobile home and denied the motion. No appeal was filed. We conclude that there was an opportunity to fully and fairly litigate the issue of ownership of the mobile home in the prior action, and the fourth element has been met.

We determine that issue preclusion bars Gary from relitigating the issue of who owned the mobile home. This issue was conclusively decided as part of the dissolution action between

Kelly and Richard. Accordingly, the court did not err in concluding that it did not have subject matter jurisdiction because issue preclusion barred Gary's causes of action.

[10] Gary next assigns that the trial court erred in finding that he failed to establish the necessary elements of conversion. Because we conclude that issue preclusion applies to Gary's cause of action for conversion and that the court properly dismissed his amended complaint, we need not address this assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Essink v. City of Gretna*, 25 Neb. App. 53, 901 N.W.2d 466 (2017).

## CONCLUSION

We conclude the trial court did not err in finding that Gary's causes of action were barred by issue preclusion and that it did not have subject matter jurisdiction. Accordingly, the order of the district court is affirmed.

Affirmed.